Hugh JOSEPH, Administrator of the Estate of Mark Joseph, a/k/a Larry Jones, Plaintiff,

v.

David BRIERTON, Warden at the Stateville Correctional Center, et al., Defendants.

No. 76 C 1275.

United States District Court, N. D. Illinois, E. D.

Aug. 19, 1976.

Patrick T. Murphy, Goldberg & Murphy, Charles J. Degrange, Chicago, Ill., for plaintiff.

Joseph M. Cotugno, Legal Counsel, Ill. Dept. of Corrections, Jerome N. Groark, Rooks, Pitts, Fullagar & Poust, Mark C. Fedota, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), or, in the alternative for summary judgment, Rule 56(b), Federal Rules of Civil Procedure.

Plaintiff is Hugh Joseph, administrator of the estate of Mark Joseph, a/k/a Larry Jones, who died while incarcerated in the detention hospital at Stateville Correctional Center. Defendants are the Director of the Illinois Department of Corrections, employees of the Department assigned to the detention hospital, and various medical personnel at the hospital.

Plaintiff seeks actual and punitive damages to compensate plaintiff's decedent's estate for alleged violations of decedent's constitutional rights under the Fifth, Eighth and Fourteenth Amendments. Subject matter jurisdiction is vested in this Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

## I. STATEMENT OF FACTS

Prior to sentencing, plaintiff's decedent ("Jones") spent seven months in the Cook County Jail without major incident. On November 25, 1975 the eighteen year old Jones was transferred to the Stateville Correctional Center to serve a one year prison sentence for burglary. However, while at Stateville's orientation center a social worker deemed Jones "eccentrically" religious. On December 2, 1975 Jones was referred to the detention hospital and on December 3, he apparently flooded his cell and rubbed himself with his own excrement. Guards called to Jones' cell allegedly dragged him from the cell, beat him severely and held him against a hot radiator inflicting burns on various parts of his body. On December 4, Jones was allegedly beaten again, had his clothing taken from him, and was moved to a strip cell. At this time, medical personnel in the hospital began to administer Thorazine, a tranquilizing drug, to Jones three times a day. The attending physicians, Venckus and Kruglik, allegedly knew that Jones suffered from a lung disorder, complicated by purulent bronchitis when they prescribed this drug. Plaintiff alleges that the use of such drugs can cause heart failure in individuals suffering from pulmonary disorders.

Jones was found dead in his strip cell December 9, 1975, one week after his ad-

mission to the detention center. The coroner's report listed the cause of death as heart failure.

## II. DEFENDANTS' MOTIONS TO DISMISS

### A. Defendants Sielaff and Brierton

■ Defendants Sielaff, Director of the Illinois Department of Corrections, and Brierton, Warden at Stateville Correctional Center, move to dismiss plaintiff's complaint as to them, arguing that the doctrine of respondeat superior does not apply to civil rights actions under 42 U.S.C. § 1983. *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971). This Court agrees.

Supervisory personnel have been held liable under Section 1983 upon a finding of direct responsibility for guards' actions. However, this complaint alleges only that defendants Sielaff and Brierton were responsible in their official capacities without alleging direct responsibility or personal involvement.

Accordingly, defendants Sielaff and Brierton's motion to dismiss for failure to state a claim is granted.

### B. Defendant Revis

■ Defendant Revis, supervisor of the detention hospital, moves to dismiss the complaint as to him, arguing that he was not responsible for operation of the detention hospital during Jones' stay. However, the complaint alleges that defendant was directly responsible for operation of the hospital and had personal knowledge of Jones' problems. Taking all facts well pleaded as true for purposes of defendant's motion to dismiss, this Court must assume that defendant was in charge of the detention hospital during Jones' stay and was or should have been aware of the treatment accorded Jones.

Accordingly, defendant Revis' motion to dismiss for failure to state a claim is denied.

### C. Defendant Guards

■ Defendants Sharp, Fleming, Hayes, Moran, Brown, Simmons, Koon and Daniels ("defendant guards") were all employed as guards assigned to the detention hospital during Jones' stay. With the exception of defendant Koon, all defendants admit contact with Jones but deny using undue force to subdue him at any time. Taking all facts well pleaded as true for purposes of defendants' motion to dismiss, this Court must assume that the defendant guards' use of force was of a shocking nature sufficient to state a claim of constitutional magnitude. *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

Accordingly, the defendant guards' motion to dismiss for failure to state a claim is denied.

### D. Defendants Venckus and Kruglik

■ Defendant Venckus, chief consulting physician at the hospital, and Kruglik, chief consulting psychiatrist, argue that their treatment of Jones was professionally sound and beyond what was constitutionally required. Taking all facts well pleaded as true, this Court must assume, for the purpose of ruling on defendants' motion, that the medical care provided by these defendants was clearly inadequate. *Thomas v. Pate*, 493 F.2d 151 (7th Cir. 1974).

Accordingly, defendants Venckus and Kruglik's motion to dismiss for failure to state a claim is denied.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ Defendants argue that they are entitled to summary judgment in their favor pursuant to Rule 56 because there are no genuine issues of material fact. Upon review of the allegations, defendants' affidavits, and plaintiff's counter-affidavits, this Court does not agree.

■ The burden is upon the moving party to establish the lack of a triable issue of fact, and all doubts must be resolved against him. *Butler v. Bensinger*, 377 F.Supp. 870 (N.D.Ill.1974). Plaintiff need not show that the issue would be decided in his favor, but need only show that there is a

triable issue. This Court believes that plaintiff has made allegations sufficient to put in issue the severity of the measures taken to subdue Jones and the quality of medical care Jones received prior to his death.

Accordingly, defendants' motion for summary judgment is denied.

## IV.  CONCLUSION

The motion to dismiss by defendants Sielaff and Brierton is granted. The motions of all other defendants are denied.