**Michelle HARRIS, ppa et al., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 73–3978–S.

United States District Court, D. Massachusetts.

Oct. 4, 1976.

Thomas J. Kelley, Jr., Fink, Sugarman & Sugarman, Boston, Mass., for plaintiff.

Richard D. Glovsky, Asst. U. S. Atty., Boston, Mass., for United States.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF DISMISSAL

BOLDT, Senior District Judge, Sitting by Designation.

The above cause has been fully tried before the undersigned, George H. Boldt, Sr. United States District Judge, Western District of Washington, sitting by designation, without a jury; the evidence of the parties has been submitted and oral argument by counsel presented. The Court having fully considered the evidence and the applicable law and being fully advised in the premises, does hereby render its decision as follows:

By stipulation of counsel "the only issue to be decided by this Court is whether the Department of Housing and Urban Development (HUD) is responsible for the negligent acts with regard to property which it owned when it entered into a written contract (Defendant's Exhibit 2) with the Roxbury Community Housing Corporation (Roxbury) which contract provides for the maintenance and care of the property by Roxbury."

A recent United States Supreme Court case, *United States v. Joseph V. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) is directly in point and to this Court clearly dispositive of the present case. That case involved federal government funding of a community action program (Neighborhood Opportunity Center) undertaken by a community action agency (Warren-Trumbull Council). During one of the Neighborhood Opportunity Center's outings for children a minor child was injured in an automobile collision. The accident occurred in a private car for which the Council had made arrangements.

The child and his father brought suit in the District Court against the United States under the Federal Tort Claims Act (FTCA)

alleging negligence on the part of agents of the United States in organizing and supervising the outing. In reversing the Sixth Circuit Court of Appeals and sustaining the District Court the Supreme Court said:

> "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment. The Tort Claims Act was never intended, and has not been construed by this Court, to reach employees or agents of all federally funded programs that confer benefits on people. The language of 28 U.S.C. § 1346(b) is unambiguous, covering injuries 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .' The Act defines Government employees to include officers and employees of 'any federal agency' but excludes 'any contractor with the United States.' 28 U.S.C. § 2671. Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver. See *Dalehite v. United States*, 346 U.S. 15, 30–31 [73 S.Ct. 956, 965, 97 L.Ed. 1427, 1437–1438] (1953). A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.' *Logue v. United States*, 412 U.S. 512, 528 [93 S.Ct. 2215, 2219, 37 L.Ed.2d 121, 128] (1973)."

In this case the governmental funding and ownership of the apartment building in question was in HUD and management responsibility was in an Area Management Broker (AMB), i. e. the Roxbury Community Housing Corp.

Under the terms of the contract (Defendant's Exhibit 2) between HUD and AMB, the AMB is responsible for rentals and evictions (Article 9); collection of rents and paying of operating expenses (Article 11); continuing maintenance of buildings and grounds, and supervision of all repair, maintenance, and operating activities (Articles 6(a) and (c)).

HUD, in turn, is responsible for "supervisory inspection, examination and instruction; [and] over-all assistance in treating the basic problems incident to the responsibilities of the contractor hereunder. . . ." (Article 6(b)). Thus, supervision is not on a day to day basis, but only if major difficulties arise to insure that the contract is being carried out according to its terms.

 Upon the particular facts presented in this case, under the *Orleans* rationale it is clear this case is not covered by the Federal Tort Claims Act. On the evidence this Court finds that the area management broker is properly characterized as an independent contractor and thus not an employee within the purview of the F.T.C.A. This position is well supported by both Federal and State court decisions as well as by the Restatement of Agency, 2d.

As the Supreme Court stated in the *Orleans* case:

> "Federal funding reaches myriad areas of activity of local and state governments and activities in the private sector as well. It is inconceivable that Congress intended to have waiver of sovereign immunity follow congressional largesse and cover countless unidentifiable classes of 'beneficiaries.' The Federal Government in no sense controls 'the detailed physical performance' of all the programs and projects it finances by gifts, grants, contracts or loans. *Logue v. United States*, 412 U.S., at 528, [93 S.Ct. [2215], at 2219, 37 L.Ed.2d, at 128] (1973)." See *Orleans*, 425 U.S., at 816, 96 S.Ct., at 1977.

### FINDINGS OF FACT:

1. On March 19, 1972, the plaintiffs Peggy Harris and Michelle Harris were tenants in an apartment building located at 32 Deckard Street, Roxbury, Massachusetts. They moved into the building in August, 1971 at which time the stairway, to which reference is made in paragraph 3, was in good condition, being free from all defects,

including the defect referred to in paragraph 4 herein.

2. On March 19, 1972, the defendant United States of America, (through HUD) owned the apartment building in which the plaintiffs were tenants, located at 32 Deckard Street, Roxbury, Massachusetts.

3. On March 19, 1972, while the plaintiffs were on a stairway in the premises at 32 Deckard Street, Roxbury, Massachusetts, the plaintiff Michelle Harris, fell. The location of the fall is more particularly described as the fourth step from the bottom of the staircase leading from the first to the second floor as one entered the front of the building. (See plaintiffs' Exhibits P1–A–D).

4. The plaintiff's fall was caused by a defect in the said stairway. (See plaintiffs' Exhibits P1–A–D).

5. Prior to this fall, the plaintiff, Michelle Harris, born on July 2, 1968, was a healthy child in every respect.

6. As a result of the said fall, the plaintiff Michelle Harris sustained multiple contusions and bruises, head injuries, facial injuries and knocked out her two front teeth. She was treated at the Boston City Hospital Emergency Ward, incurring a medical expense of $20.00 and was treated by Eugene N. Binder, M.D. on March 24, April 7, April 28, May 23 and July 20, 1972, incurring medical expenses of $100.00. (See plaintiffs' Exhibits P2–A; P2–B; P3–A and P3–B).

7. The plaintiffs filed a timely notice of claim as a result of this accident pursuant to Title 28, United States Code, Section 2675. (See plaintiffs' Exhibits 4A and 4B).

8. The defendant through the Department of Housing and Urban Development contracted with Roxbury Community Housing Corporation (hereinafter Roxbury) with regard to the premises where plaintiff Michelle Harris fell.

9. Roxbury is commonly referred to by HUD as an "area management broker" (AMB).

10. Area Management Brokers, like Roxbury, are utilized by HUD to handle the large numbers of buildings HUD acquires through assignment and foreclosure of its numerous mortgage insurance programs.

11. The mortgage on the premises where the plaintiff fell was insured by the Secretary of HUD pursuant to Section 221(d)(3) of the National Housing Act, 12 U.S.C. 1715$l$(d)(3).

12. Upon default, the mortgage was assigned to HUD.

13. HUD later foreclosed, thus acquiring the property.

14. Pursuant to Section 221(g)(2) of the National Housing Act, 12 U.S.C. 1715$l$ (g)(2), the Secretary of HUD is authorized to make contracts for the management of properties the mortgages of which he formerly insured pursuant to Section 221(d)(3) of the National Housing Act, 12 U.S.C. 1715$l$(d)(3), and which he subsequently acquired.

15. The Secretary contracted with Roxbury pursuant to Section 221(g)(2) of the National Housing Act, 12 U.S.C. 1715$l$ (g)(2).

16. The contract provides that Roxbury is responsible for maintenance of the building and grounds, and operating activities (Articles 6(a) and (c)); rentals and evictions (Article 9); collection of rents and paying of operating expenses (Article 11).

17. The contract provides that HUD is responsible for "supervisory inspection, examination and instruction; [and] overall assistance in treating the basic problems incident to the responsibilities" of Roxbury (Article 6(b)).

18. The contract also provides that Roxbury was to obtain liability insurance (Article 8(b)) and that all employees of HUD were to be hired by Roxbury to work in his employ (Article 12(b)).

19. HUD employees had infrequent contact with Roxbury and did not get involved in its day-to-day operations.

20. HUD did not control the premises where plaintiff fell.

From the foregoing Findings of Fact, the Court makes the following

CONCLUSIONS OF LAW:

1. Pursuant to 28 U.S.C. § 1346(b), the United States is liable for the negligent actions of "any employee of the Government while acting within the scope of his office or employment. . . .".

2. Pursuant to 28 U.S.C. § 2671, "Federal agency" includes "corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States."

3. Pursuant to 28 U.S.C. § 2671, an "employee of the government" includes "officers or employees of any federal agency . . . .".

4. Roxbury's agents or employees were not employees of the United States. Roxbury was not a federal agency.

5. The United States was not otherwise responsible for Roxbury's negligent acts.

6. Upon the law and facts the defendant is entitled to judgment of dismissal on the merits and with prejudice.

IT IS HEREBY ORDERED AND ADJUDGED that this action be and the same hereby is dismissed on the merits and with prejudice.