AETNA LIFE & CASUALTY INSURANCE COMPANY, as subrogee of Cleo Daniels, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 79 C 46.

United States District Court, N. D. Illinois, E. D.

Feb. 20, 1981.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on the defendant's motion for summary judgment on the complaint pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion for summary judgment is granted.

The facts of the case are as follows. The plaintiff Aetna Life and Casualty Insurance Company ("Aetna"), as subrogee of one Cleo Daniels ("Daniels"), filed suit against the defendant United States of American ("United States") based upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679(a) (1978). Aetna alleges that it was the insurer of certain property owned by Daniels located in Chicago, Illinois. Aetna further alleges that the United States, through the Secretary of the United States Department of Housing and Urban Development ("HUD"), was the owner of the property adjacent to Daniels' property. According to Aetna, the United States, by and through its agents and employees, had a duty to inspect and maintain its property. Aetna further alleges that, on or about June 10, 1976, the United States was guilty of one or more of the following acts and omissions: failure to secure its vacant property so as to prevent the entry of unauthorized persons whom the United States knew or should have known were vandalizing the property; failure to post a guard or watchman on the premises between 4:00 p. m. and 8:00 a. m. as required by the Chicago Municipal Code; [1] and failure to retain a qualified contractor to perform all services required for the property. As a direct result of these alleged acts and omissions by the United States, Aetna contends that a fire of unknown origin was caused to occur upon the United States property which destroyed the Daniels' property. Aetna seeks to recover $28,995.93 in insurance payments made to Daniels plus costs.[2]

The United States filed a motion for summary judgment on the complaint pursuant to Federal Rule of Civil Procedure 56. In its motion, the United States first contends that HUD assigned possession and control of the property in March 1975 to an independent contractor, the South Austin Realty Association ("South Austin"). South Austin is the area management broker ("AMB") in the area where the property is

---

1. The Chicago Municipal Code provides, in pertinent part:

   Any person or persons owning, maintaining, operating, collecting rents for, or having any legal or equitable interest in any vacant and open building, or any uncompleted abandoned building, or any vacant boarded-up building or any otherwise enclosed vacant building must have a watchman on duty upon the premises on which any one of such aforementioned buildings is situated every day continuously between the hours of 4:00 P.M. o'clock and 8:00 A.M. o'clock.
   Municipal Code of Chicago, Illinois § 39–13.

2. Prior to the filing of the instant suit, Aetna filed an administrative claim which was denied in August 1978. *See* 28 U.S.C. § 2675(a) (1978).

located.[3] Thus, the United States contends that, even assuming negligent conduct in maintaining the property, no federal government employee was involved in such conduct. As a second ground in support of its motion for summary judgment, the United States contends that its choice of an AMB to manage certain HUD-owned property is a discretionary act exempt from FTCA liability. Thus, the United States contends that its actions fall within the so-called "discretionary function" exception to the FTCA. Finally, the United States contends that the alleged violation of the Chicago Municipal Code does not create a private right of action for Aetna against the United States.

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be entered in a case "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is upon the moving party to establish the lack of a triable issue of fact, and all doubts must be resolved against that party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Joseph v. Brierton*, 431 F.Supp. 50, 52 (N.D.Ill.1977). The court, however, "has the power to penetrate the allegations of fact in the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried." *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 559 (7th Cir. 1970).

■ Pursuant to the doctrine of sovereign immunity, the United States may not be sued without its consent. C. Wright, *Handbook of the Law of Federal Courts* 82 (3d ed. 1976). The FTCA provides a limited waiver of sovereign immunity for recovery in tort actions against the United States. The FTCA permits an action against the United States:

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1978). Thus, a valid cause of action against the United States under the FTCA is predicated upon the liability of a private person under applicable state law. *See Emch v. United States*, 630 F.2d 523, 526 (7th Cir. 1980).

■ For the purposes of the FTCA, a federal employee is defined as "officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity . . . ." 28 U.S.C. § 2671 (1978). A federal agency for FTCA purposes is defined as "the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." *Id.* Whether an individual is an employee of the United States under the FTCA is determined by federal law. *Brooks v. A. R. & S. Enterprises, Inc.*, 622 F.2d 8, 10 (1st Cir. 1980). The United States Supreme Court held in *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976), that the critical element in distinguishing an agency from a contractor is the power of the United States to control the detailed physical performance of the contractor. *See Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973).

In *Harris v. United States*, 424 F.Supp. 627, 629 (D.Mass.1976), the court held that an AMB is an independent contractor for FTCA purposes. In *Harris*, the plaintiff, a

---

3. AMB's are real estate brokers or other qualified individuals who contract with HUD to arrange for and to supervise the management, rehabilitation, and maintenance of HUD-acquired properties.

tenant in the HUD-owned apartment building which was *managed by an AMB, was injured in a fall caused by a defective stairway on the premises. Id.* 629–30. The plaintiff filed suit against the United States under the FTCA. *Id.* at 630. The *Harris* court noted that, while HUD owned the property, the AMB had primary responsibility for the management of the premises under the AMB contract:

> Under the terms of the contract between HUD and AMB, the AMB is responsible for rentals and evictions; collection of rents and paying of operating expenses; continuing maintenance of buildings and grounds, and supervision of all repair, maintenance, and operating activities.
>
> HUD, in turn, is responsible for "supervisory inspection, examination and instruction; [and] over-all assistance in treating the basic problems incident to the responsibilities of the [AMB] ...." Thus, supervision is not on a day to day basis, but only if major difficulties arise to insure that the contract is being carried out according to its terms.

*Id.* at 629 (citations omitted). Under the rationale enunciated in *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976), the *Harris* court concluded that the AMB is an independent contractor not within the purview of the FTCA. 424 F.Supp. at 629. *See Perez v. United States,* 594 F.2d 280, 284 (1st Cir. 1979).

■ Applying the law to the facts of the instant case before this court, the court concludes that South Austin was an independent contractor of the United States for FTCA purposes. As in *Harris,* the AMB contract between South Austin and HUD provided that South Austin supervise all repair, maintenance, and operating activities on the property. (Area Management Broker Contract art. 3, § d.) The contract further provided that South Austin arrange for and supervise "[s]ecuring the properties against unauthorized entry ... at the outset and thereafter as needed." (*Id.* at art.

5, § c.) Moreover, the contract provided that:

> It shall be the duty of [South Austin] to obtain the services of qualified employees in all instances, and [South Austin] shall be responsible for the actions and omissions of such employees in the performance of the contract. All employees engaged in the performance of the contract shall be hired by [South Austin] and shall be the employees of [South Austin] and not employees of the Government.

(*Id.* at General Provisions § 4.) As in *Harris,* HUD was responsible for "[s]upervisory inspection, examination and instruction; [and] overall assistance in treating with basic problems incident to the responsibilities of [South Austin] ...." (*Id.* at Contract Articles, art. 2, § a.) Under the *Orleans* rationale, HUD did not control the detailed physical performance of South Austin in maintaining and securing the property. Thus, the court concludes that South Austin was an independent contractor for FTCA purposes.

Aetna apparently contends that, even if South Austin was responsible for maintaining and securing the property under the AMB contract with HUD, HUD should not be relieved of its common law, nondelegable duty to neighboring property owners. The court rejects this argument. Assuming *arguendo* that Illinois law recognizes such a nondelegable duty, this duty cannot impose liability upon the United States under the FTCA. The FTCA is a limited waiver of sovereign immunity for the negligent acts or omissions of federal employees. *See* 28 U.S.C. § 1346(b) (1978). Liability for the acts of independent contractors is specifically excluded by the FTCA. *See* 28 U.S.C. § 2671 (1978); *Dumansky v. United States,* 486 F.Supp. 1078, 1093 (D.N.J.1980). *But see Emelwon, Inc. v. United States,* 391 F.2d 9, 12 (5th Cir. 1968).

Accordingly, the motion for summary judgment is granted.[4]

It is so ordered.

---

4. Since the court concludes that no federal employee was involved in the alleged negligent conduct, the court does not reach the other grounds raised by the United States in its motion for summary judgment.