Shirley CRIPPEN, Plaintiff,

v.

NELSON REALTY, Ernest Jones and U.S. Department of Housing and Urban Development, Defendants.

No. CV80–1130.

United States District Court,
E.D. New York,
Civil Division.

Aug. 19, 1983.

Stephen M. Zeitlin, Headley & Zeitlin, Brooklyn, N.Y., for plaintiff.

Edward L. Howlette, Brooklyn, N.Y., for defendant Nelson Realty.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Winstanley F. Luke, Asst. U.S. Atty., Brooklyn, N.Y., for defendant H.U.D.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Shirley Crippen, brings this action alleging that $10,000.00 worth of her personal property was wrongfully removed from 130–66 224th Street, Laurelton, New York, by employees of Nelson Realty in December 1978. Plaintiff contends that as the U.S. Department of Housing and Urban Development (HUD) owned the premises pursuant to foreclosure and Nelson Realty was acting as agent for HUD in securing and clearing the building, the U.S. government is liable for her loss under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671. The plaintiff maintains that she moved various items of property into the building in November and December 1978 after she orally agreed to lease the premises from Ernest Jones for $220.00 per month. It is, however, undisputed that she never paid rent or took up permanent residence in the building.

The defendant HUD now moves for summary judgment and dismissal of the complaint against it on the ground that it is exempt from liability for the acts of its independent contractor, Nelson Realty.

The evidence presented in the affidavit of Edward A. Bower, Acting Chief of the Single Family Property Disposition Branch, New York Area Office of HUD, and the Area Management Broker Contract (form HUD–9700.1, January 1973) attached thereto is undisputed by other parties. In substance, they present the following facts:

In December 1978, the 224th Street premises were under the day-to-day operation

and control of Nelson Realty, a licensed private real estate broker under contract with HUD to protect, preserve, operate and maintain the property. Under the Area Management Broker Contract, Nelson Realty was authorized to procure the services and materials necessary for these purposes. While the contract requires that Nelson Realty conform with certain federal laws and requirements, hiring and day-to-day supervision of employee remains in the hands of the contractor. (Contract, page 12).

The Federal Tort Claims Act is a limited waiver of the government's sovereign immunity for property loss and other injuries caused by the tortious acts of government employees acting within the scope of their employment. 28 U.S.C. § 2674. The Act specifically excludes "any contractor with the United States" from the waiver of sovereign immunity. 28 U.S.C. § 2671.

The standard for differentiating between an employee and an independent contractor under the FTCA is whether the government retains authority to control the day-to-day detailed physical performance of the work. *Logue v. United States,* 412 U.S. 521, 527–28, 93 S.Ct. 2215, 2219–2220, 37 L.Ed.2d 121 (1973). The government can require compliance with federal standards and contract specifications without being deemed to have day-to-day control. *United States v. Orleans,* 425 U.S. 807, 815–16, 96 S.Ct. 1971, 1976–1977, 48 L.Ed.2d 390 (1976); *Brooks v. A.R. & S. Enterprises, Inc.,* 622 F.2d 8, 11 (1st Cir.1980); *Alexander v. United States,* 605 F.2d 828, 832–34 (5th Cir.1979). Applying these standards to defendant HUD's uncontradicted evidence as to the character and nature of the relationship between HUD and Nelson Realty, the court concludes that Nelson Realty and its employees were acting as an independent contractor of HUD. The government is thus exempt from liability under the FTCA. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). The fact that HUD held title to 130–66 224th Street does not in any way undermine the exemp-

tion. *See Maltais v. United States,* 546 F.Supp. 96 (N.D.N.Y.1982). The determinative factor is control and operation of the property. *Weigand v. United States,* 82 C 2712, (July 6, 1983, E.D.N.Y.) (Nickerson, J.). No evidence has been presented to support an assertion that anyone but Nelson Realty exercised control or operation of the premises.

In view of the foregoing, the government's motion for summary judgment is granted, and the complaint against HUD is dismissed. Federal jurisdiction in this case is based on plaintiff's claim against the United States for money damages under the FTCA. 28 U.S.C. § 1346(b). With the federal government no longer a party in this case and no other basis for federal jurisdiction appearing in the complaint, the court dismisses the complaint as to the other defendants.

So Ordered.