**Cheryl L. DUFF, Plaintiff,**

v.

**UNITED STATES of America, acting by and through the UNITED STATES AIR FORCE, Defendant.**

**Civ. No. A4–90–178.**

United States District Court,
D. North Dakota,
Northwestern Division.

June 19, 1992.

David J. Hogue, Pringle & Herigstad, P.C., Minot, ND, for plaintiff.

Collin P. Dobrovolny, Minot, ND, for Kato Corp.

Cameron W. Hayden, Asst. U.S. Atty., Bismarck, ND, Brett P. Scott, U.S. Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM AND ORDER

CONMY, District Judge.

This matter began as a personal injury action against defendants Kato Corporation (Kato) and the United States (USA) stemming from an injury sustained by Cheryl Duff on January 29, 1990, in her residence at the Minot Air Force Base (Minot AFB). The Court has previously granted dismissal of the action against defendant Kato pursuant to a settlement and stipulation.

Defendant USA filed this motion to dismiss the remaining action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting a lack of subject matter jurisdiction.

Plaintiff was a resident at the Minot AFB at the time of the facts giving rise to this action. She resided in a four-plex military housing unit.

Kato was hired by the Minot AFB to perform various maintenance and repair services on military housing at the base. One of

these duties was to varnish the floors in military housing. The contract between Kato and the Minot AFB called for the use of an oil-free polyurethane varnish called "Rexthane."

The contract between Kato and the Minot AFB provided that Kato was responsible for "Safety and Accident Prevention," as well as compliance with all federal, state, and local statutes, ordinances, laws, and regulations during performance of its contract responsibilities.

An earlier maintenance contractor at Minot AFB, Allied Painting and Contracting (Allied), urged the Air Force to discontinue the use of Rexthane varnish citing safety concerns. Allied said the continued use of the substance was a "virtual time bomb."

On January 29, 1990, Kato put Rexthane varnish on the floor of the four-plex unit adjacent to Cheryl Duff's. Noxious fumes escaped during this process and entered the adjoining home of Cheryl Duff. She was overcome, lost consciousness, and fell down stairs in her home. She sustained serious injury.

Cheryl Duff initiated an action against Kato and ultimately against the USA under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346(b).

Plaintiff complains that the USA was negligent in choosing to use Rexthane varnish in military housing; negligent in failing to properly ventilate the unit while applying this varnish; and negligent in failing to warn Plaintiff prior to application of the varnish.

The USA seeks dismissal of this action, asserting that sovereign immunity has not been waived under the FTCA because of the "discretionary function" exemption, and any alleged acts of negligence were that of independent contractor employees; therefore, this Court lacks subject matter jurisdiction.

Cheryl Duff does not respond to the lack of subject matter jurisdiction argument. Instead, reference is made to several sections of Restatement of Torts 2d, adopted by North Dakota, which Plaintiff asserts result in tort liability to the USA.

The USA may be sued in tort only to the extent it has specifically waived sovereign immunity. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). A plaintiff bears the burden of showing an unequivocal waiver of immunity. *Vorachek v. United States,* 337 F.2d 797 (8th Cir.1964).

The FTCA authorizes suits for damages against the United States for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, the FTCA provides a limited waiver of sovereign immunity and is subject to certain enumerated prerequisites and exceptions. Claims which fall within an exception to FTCA are by definition outside the Act's waiver of sovereign immunity and accordingly, are outside the court's jurisdiction. *See Mitchell v. United States,* 787 F.2d 466 (9th Cir.1986).

One of the exceptions to the waiver of sovereign immunity in the FTCA is the "discretionary function." Congress intended this exemption to protect "the discretion of the executive or the administrator to act according to one's judgment of the best course ..." *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

The contours of the discretionary function exception to the FTCA cannot be defined with precision, and thus each case must be analyzed individually. *Aslakson v. United States,* 790 F.2d 688, 691 (8th Cir. 1986).

Defendant Minot AFB seeks dismissal of this action for lack of subject matter jurisdiction. Defendant claims the complaint is barred by the discretionary function and independent contractor exceptions to the FTCA.

When the discretionary function exception to jurisdiction under the FTCA is asserted, a two-step analysis is required.

First, are the negligent acts or omissions discretionary function which are immune from suit under the FTCA? Second, if, and only if, acts or omissions are determined not to be discretionary functions, are the theories of recovery cognizable under the law of the state where the tort occurred? *Madison v. United States*, 679 F.2d 736, 739 (8th Cir. 1982).

▉ This complaint arises out of the Minot AFB's hiring of a contractor to varnish a vacant dwelling adjacent to the Plaintiff specifically directing the use of the oil-free polyurethane, "Rexthane."

Considerable analysis and balance of economic, environmental, health, and safety concerns went into this decision. Military base housing units undergo a high rate of turnover and are submitted to a high degree of wear and tear. The Minot AFB exercised discretion in deciding to stay with previous national Air Force policy, and continue using this varnish because it was longer-lasting and the most appropriate, considering all circumstances. An analysis of case law shows that this falls within the discretionary function exception to the FTCA, although the decision is not of cosmic significance.

The Minot AFB asserts that this is the same as was presented in *Jones v. United States*, 698 F.Supp. 826 (D.Hawaii 1988). The federal court in *Jones v. United States* said the Air Force's use of chlorane spray on military housing to control termites as part of a pest control program was a discretionary function shielding the action from tort liability. *Id.* at 833.

Plaintiff Minot AFB further argues this complaint is barred under the FTCA because the acts or omissions of negligence were the responsibility of the independent contractor, Kato Corporation.

The FTCA defines government employees to include officers and employees of any federal agency, but does not include employees of any contractor with the United States. 28 U.S.C. 2671. See also *Smith v. United States*, 674 F.Supp. 683, 685 (D.Minn.1987).

In this case, Minot AFB hired Kato to varnish the floors of the base housing unit adjacent to the plaintiff. Kato agreed to use the product to varnish the floor within thirty days, and to "take all reasonable steps and precautions to prevent accidents and preserve the life and health of contractor and government personnel performing or in any way coming in contact with the performance of this contract."

There was no mandatory statute, directive order, or policy in this action. Minot AFB personnel had no day-to-day supervisory responsibility or control of the acts of Kato employees. Government employees were on site only periodically to assure contract compliance. In *Jones v. United States, supra*, the court concluded that the Air Force decision to utilize an independent contractor for pest control at the base, and to give the contractor primary responsibility for safety in pest control while only retaining oversight authority, was protected by the discretionary function exception. *supra* at 833.

The defendant in *Smith v. United States* was the Housing and Urban Development Administration (HUD). *supra*. HUD was the record owner of a piece of property, but retained an area management broker, North Star, to supervise and maintain the property. North Star inspected the property and reported to HUD that no defects were found. The plaintiff, a real estate agent, was injured after slipping on a loose stair runner. The court agreed that any alleged act or omission was due to an action of an independent contractor and not a federal employee within the meaning of the FTCA, and dismissed the complaint for lack of subject matter jurisdiction. *supra*.

Plaintiff argues that Minot AFB has nondelegable duties with respect to maintaining the safety of the plaintiff's premises under the Restatement of Torts 2d and North Dakota application of it.

▉ Plaintiff ignores the requirement under *Madison v. United States, supra*, that the court first determine whether the allegations are immune from suit under the FTCA before reviewing the allegations under state law. Moreover, the United States can not be held strictly liable under the FTCA. *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972). The doctrine of non-

delegable duty cannot impose liability under the FTCA because it is a form of strict or vicarious liability. *Dumansky v. United States,* 486 F.Supp. 1078, 1093 (D.N.J.1980). See also, *Aetna Life & Casualty Ins. Co. v. United States,* 508 F.Supp. 298 (N.D.Ill.1981) (acts of independent contractor on military base cannot result in government liability under FTCA even under non-delegable duty theory).

After reviewing all the evidence in the file and considering the arguments presented by the parties, the Court believes it is without jurisdiction under the FTCA to consider the remaining portion of Plaintiff's complaint; therefore,

**IT IS HEREBY ORDERED** that the motion of the Defendant to dismiss the action (Doc. # 44) is **GRANTED.**