39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda ST. DENIS, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; United
States of America, Defendants-Appellees.
 No. 93-35235.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided Nov. 1, 1994.
 
 Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linda St. Denis (St. Denis) appeals the district court's grant of summary judgment in favor of the Department of Housing and Urban Development (HUD) and the United States in her Federal Tort Claims Act (FTCA) suit. St. Denis complains that the HUD was negligent in its classification, supervision and inspection of the duplex which it sold to her. That duplex has a leaking, rotting, roof. The district court granted summary judgment on the basis that St. Denis's claim was one for misrepresentation which is not actionable under the FTCA. We dismiss all claims against HUD for lack of jurisdiction. We reverse the grant of summary judgment in favor of the United States and remand.
 
 I.
 
 3
 The parties are well aware of the facts so we do not recite them here.
 
 II.
 
 4
 We review a district court's entry of summary judgment de novo. White v. Atlantic Richfield Co., 945 F.2d 1130, 1132 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 III.
 
 5
 The FTCA only allows claims against the United States. Although such claims arise from the action of an agency of the United States (28 U.S.C. Sec. 2671), the agency itself cannot be sued under the FTCA. Shelton v. United States Customs Service, 565 F.2d 1140, 1141 (9th Cir.1977) ("It is well established that federal agencies are not subject to suit eo nomine unless so authorized by Congress in explicit language."). Consequently, we dismiss all claims against HUD itself for lack of jurisdiction.
 
 IV.
 
 6
 The district court granted summary judgment solely on the basis that St. Denis's claim was for misrepresentation, which is not actionable under the FTCA. 28 U.S.C. Sec. 2680(h). For FTCA purposes, the Supreme Court defines claims for misrepresentation as "communication of misinformation" claims. Block v. Neal, 460 U.S. 289, 296 (1983).
 
 
 7
 According to Block v. Neal, the fact that a claim could be brought under a theory of misrepresentation does not automatically prohibit a complaint from the same set of facts under a different theory. "The Government is liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved." Guild v. United States, 685 F.2d 324, 325 (9th Cir.1982).
 
 
 8
 Many familiar forms of negligent conduct include misrepresentations of one kind or another, but the tort action of misrepresentation has largely been confined "to the invasion of interests of a financial or commercial character in the course of business dealings." Neustadt v. United States, 366 U.S. 696, 711 n. 26 (1961). This helps to distinguish Alexander v. United States, 787 F.2d 1349 (9th Cir.1986), where we found no actionable duty, from Ramirez v. United States, 567 F.2d 854 (9th Cir.1977) (en banc), where there was an actionable duty. In Alexander security clearance was revoked and a job lost based on the FBI's alleged negligence in maintaining its records. Ramirez, however, dealt with the non-economic harm of a surgical complication without adequate warning. Furthermore, the duty to warn in Ramirez was clearly established by state law (567 F.2d at 857-58), whereas in Alexander the FBI's duty to maintain reasonably accurate records did not clearly require the substantive level of care urged by the plaintiff.
 
 
 9
 St. Denis's claim for negligent classification is a commercial dispute based upon duties which are not entirely clear under Alaska law.[1] HUD's erroneous classification of property is analogous to FHA's erroneous appraisal of a home, or the Department of Agriculture's erroneous classification of cotton, which have both been held nonactionable claims for misrepresentation. Neustadt v. United States, 366 U.S. 696 (1961); Carolinas Cotton Growers Ass'n v. United States, 785 F.2d 1195 (4th Cir.1986). The district court appropriately barred the claim for negligent classification as a nonactionable claim for misrepresentation.
 
 V.
 
 10
 The government's communicative commercial act of classifying property is distinct from St. Denis's separable claims of negligent supervision and inspection arising out of the same set of facts.
 
 A.
 
 11
 The FTCA waives the United States' sovereign immunity only for acts done by federal employees within the scope of their employment. The United States has not waived sovereign immunity for acts done by contractors. 28 U.S.C. Secs. 1346(b) & 2671. The distinction between a United States employee and a contractor is functional and is a matter of federal law derived from general principles of agency law construed with the FTCA. Logue v. United States, 412 U.S. 521, 528 (1973). The acts or omissions of a government contractor or its employees are only actionable under the FTCA if the government has the authority "to control the detailed physical performance of the contractor" and supervise its "day-to-day operations." United States v. Orleans, 425 U.S. 807, 814-15 (1976); cf. Logue, 412 U.S. at 529 (no FTCA liability from acts of contractor whose day-to-day operations were in the hands of the contractor).
 
 
 12
 HUD had contracted with Marston to be its Area Management Broker (AMB). AMB's manage HUD properties. Marston contracted with LAMCO to do maintenance and repairs. The courts which have examined AMB contracts have all concluded that the AMB is an independent contractor for FTCA purposes. Smith v. United States, 674 F.Supp. 683, 686 (D.Minn.1987); Aetna Life and Casualty Insurance Co. v. United States, 508 F.Supp. 298, 301 (N.D.Ill.1981); Harris v. United States, 424 F.Supp. 627, 631 (D.Mass.1976). We agree. In and of themselves, the acts or omissions of Marston and LAMCO in inspecting, maintaining, and repairing the duplex are not actionable under the FTCA.
 
 B.
 
 13
 St. Denis claims that HUD negligently supervised Marston, and that negligent supervision caused St. Denis's harm. St. Denis claims that where the power to supervise is retained by the principal that the principal may be liable for any failure of supervision. The basis for this argument is the duty described in Restatement (Second) of Torts Secs. 414 ( see Moloso v. State, 644 P.2d 205, 211 & n. 5 (Alaska 1982)) and language in HUD's contract with Marston. On this basis, St. Denis claims that HUD had continuing, nondelegable supervisory powers over Marston. Although we have recognized that the FTCA provides a cause of action for nondelegable duties under state law ( see, e.g. McCall v. U.S. Dept. of Energy, 914 F.2d 191, 195 (9th Cir.1990)), neither we nor the district court need resolve the issue of whether the United States had continuing nondelegable supervisory powers over Marston. Under the set of facts in this case HUD's allegedly negligent supervision is nonactionable.
 
 
 14
 Any duty to order repairs was determined by HUD's contract with Marston. Therefore, St. Denis's claim is a third-party beneficiary contracts claim which is not actionable under the FTCA, which only deals with torts. Even if we were to liberally apply doctrines of foreseeability in order to allow this to sound in tort, since HUD had the discretion to sell badly damaged properties without FHA insurance, the decision not to order further repairs of the roof would be exempted by the discretionary function exemption to the FTCA. 28 U.S.C. Sec. 2680(a). As we have already noted, the fact that the duplex was misclassified as an insured property (after HUD, in its discretion did not order repairs) only presents a nonactionable claim of misrepresentation. See supra Section IV.
 
 C.
 
 15
 No one disputes that United States employees inspected the duplex. The United States argues that the inspections were done for HUD's benefit, and therefore nonactionable. Under Alaska law, however, once inspection is undertaken a duty is owed to whoever might foreseeably rely on that inspection.
 
 
 16
 The government relies upon Roberson v. United States, 382 F.2d 714 (9th Cir.1967) and Jeffries v. United States, 477 F.2d 52 (9th Cir.1973). In Roberson we concluded that although government safety inspectors directly inspected dam construction that "the Government was not undertaking to render services to the contractor. It sought only to protect its own interest, namely to assure itself that the contractor was performing in the manner required of it under the contract." 382 F.2d at 721.
 
 
 17
 The subsequent Supreme Court case of Block v. Neal, 460 U.S. 289 (1983), however, determined that where the FmHA voluntarily undertook to inspect property to assure compliance with FmHA specifications that the government then had a duty to act carefully and with exercise of due care to not cause injury, where state law so provided. See 460 U.S. at 297; Restatement (Second) of Torts Sec. 323. Alaska has adopted this Good Samaritan doctrine. See, e.g. Williams v. Municipality of Anchorage, 633 P.2d 248, 251 (Alaska 1981). Alaska tort law allows a cause of action for negligent gratuitous inspection, and will attach liability for failure to discover hazards which would be brought to light by an inspection conducted with ordinary care. Adams v. State, 555 P.2d 235, 238 & 240 (Alaska 1976).
 
 
 18
 Nothing in the record indicates that HUD's inspections were mandatory. Once HUD undertook inspection, however, it had a duty to avoid foreseeable injury. Under Alaska law the precise nature and extent of that duty depends upon the nature and extent of the inspection undertaken, which is a question of fact. Williams, 633 P.2d at 251. The record does not indicate the nature and extent of HUD's inspections. Resolving this issue in favor of St. Denis, as we are required to do, we conclude that a material fact regarding the government's duty to an eventual homebuyer arising from HUD's inspection was unresolved and that the district court erred in granting summary judgment.
 
 D.
 
 19
 Whether through its own inspection or the notice it received from Marston and LAMCO, HUD knew, or should have known about the duplex's rotting, leaking roof. St. Denis argues that Alaska law requires a contractor with knowledge of a defect to warn about the defect. Lewis v. Asphalt Paving Co., 535 P.2d 1188 (Alaska 1975). But Lewis explicitly bases that duty on the warranty clauses of the specific contract between the parties. Id. at 1199. The contract between St. Denis and HUD is an "as is" contract, which, according to St. Denis, excludes such warranty claims. If the government has an actionable duty to warn which sounds in tort it may derive from its undertaking to inspect (discussed supra in Section V.C..), but St. Denis has not provided any authority to demonstrate that such an independent noncontractual duty exists.
 
 VI.
 
 20
 The district court granted summary judgment on the basis that St. Denis had only stated a nonactionable claim for misrepresentation. While true for the claim of negligent classification, St. Denis's claims stemming from HUD's inspection of the property stated an actionable FTCA claim based on state duties which arise from gratuitous inspection. The precise nature and extent of HUD's duty depends upon the nature and extent of the inspection undertaken, which is an unresolved question of fact. Accordingly we REVERSE the grant of summary judgment in favor of the United States and REMAND to the district court for further proceedings.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 St. Denis argues that misclassification violates a general state duty to avoid foreseeably unreasonable acts or omissions, and a state duty to warn of discovered defects. The cases St. Denis relies on to establish these duties for HUD are discussed infra in Sections V.C. & V.D. of this Memorandum