4 Ill. App.3d 483 (1972)
280 N.E.2d 802
MARY LULAY, a/k/a MARY LULAY SIPKA, Plaintiff-Appellee,
v.
SOUTH SIDE TRUST & SAVINGS BANK OF PEORIA, Defendant-Appellant.
No. 71-31.
Illinois Appellate Court  Third District.
March 28, 1972.
*484 Heyl, Royster, Voelker & Allen, of Peoria, for appellant.
Kellstedt & Young, of Peoria, for appellee.
Judgment affirmed.
Mr. JUSTICE DIXON delivered the opinion of the court:
This was an action brought by Mary Lulay for injuries sustained by her when she fell through a step on an exterior stairway that gave way as she was descending from the second floor apartment where her family lived, to her car, parked on the ground level. Defendant bank, the landlord, rented the premises to plaintiff's father with a lessor's agreement to make exterior repairs. The case was tried before a jury and a verdict was returned in favor of plaintiff in the amount of Nineteen Thousand Dollars. This appeal is from the judgment entered on the verdict.
The building rented included a first floor combination grocery-bakery-food-dining-catering business operated by the tenant and a second floor apartment where plaintiff lived with her father. The second floor also had a storeroom, a bakery work area and other premises used in the business. The exterior rear uncovered wooden stairway which gave way causing plaintiff's injuries was also used by business invitees and employees as well as the tenant, plaintiff, and guests. The rear stairway led to a back porch or landing about 12 feet above ground level.
The rental agreement covered the entire premises, provided for a monthly rental of $250.00. The agreement obligated the lessor to make repairs to the exterior of the building upon notice from the tenant concerning a defect, and the tenant agreed to repair the interior of the *485 building. The dilapidated condition of the stairs was called to the bank's attention at the time of the original leasing in March, 1964. The need for repairs was repeatedly reported to the bank, and was pointed out to the bank's repairman who inspected the stairs.
At the time of the leasing and until long after the accident the stairs were weathered, needed painting, the end of the bannister was broken and the bottom steps needed repairs. All steps were loose and some needed replacement. Defects in the bottom three steps were noticed by plaintiff.
On the evening of September 9, 1965, plaintiff was descending the stairs when she fell on the fifth step from the top. Apparently the fifth step had become dislodged from the stairway and gave way as she stepped on it. The wood of the fifth step was in good condition but the nails securing the step to the frame had given way.
Prior to the accident plaintiff was employed by her father in the business. She was not paid other than room and board and a promise of a future gift of property. As a result of the injuries her working time diminished by about 30%. She did receive her share of the property promised. She was treated by four doctors and there was testimony of permanent injury.
The first argument advanced by defendant is, in effect, that it was never notified of the specific defect, that is, that step 5 was defective; as an alternative it also contends that the defect was latent.
A growing number of courts adhere to the rule that a landlord who has covenanted to keep premises in repair is liable for injuries received by a tenant, his family, servants, invitees or sub-tenants, because of his failure to do so. 49 Am.Jur.2d, Landlord and Tenant, Sec. 851. Moldenham v. Krynski, 62 Ill. App.2d 382. (Leave to appeal denied) Annotation: 78 A.L.R.2d, 1238.
 1 Actual or constructive knowledge on the part of the landlord, of the defect causing the injury is necessary to render the landlord liable, and he may be held liable if he could, by the exercise of ordinary care, have discovered the defect causing the injury. (24 I.L.P. Landlord and Tenant Sec. 306.) It is common knowledge that there are many old structures, weakened by age and hard usage, the defects and weaknesses obvious, and it cannot be foreseen what particular timber may break or nail loosen under a strain, but constant care and watchfulness is required to keep the entire structure safe. In other words, we do not believe that in a situation, as here where the entire structure was decrepit, that the exact nail must be pointed out in order to alert the landlord.
 2-4 "In order to come fully within the scope of the definition of a latent defect, the defect must be hidden from the knowledge as well *486 as from the sight and must be one which could not be discovered by the exercise of ordinary and reasonable care. (Smith v. Morrow, 220 Ill. App. 627.) If, by the exercise of reasonable care, the landlord could have ascertained and discovered the defective condition * * * then such defect cannot be classified as a latent defect. (Burke v. Hulett, 216 Ill. 545; B. Shoninger Co. v. Mann, 219 Ill. 242.) No defect is latent which can be discovered by the exercise of reasonable care, or which a reasonable inspection will reveal. Hence the landlord would be chargeable with any knowledge which a reasonable inspection would disclose. (Sack v. Dolese, 137 Ill. 129.) The question as to whether or not the appellant did exercise reasonable care to discover the defect and whether or not it could have been discovered by the exercise of reasonable care were questions of fact for the jury. Wabash Railway Co. v. Brown, 152 Ill. 484; Milanskis v. Terminal R.R. Ass'n of St. Louis, 286 Ill. 547." Smith v. Morrow, 230 Ill. App. 382.
The next and last issue raised by defendant concerns an instruction, the question raised by defendant being, "Is it proper to instruct the jury that lost wages may constitute an element of damages when there is no evidence that wages, in fact, were lost as a result of appellee's injuries?"
At the conference on instructions plaintiff tendered, as her No. 11, a standard IPI instruction, 30.01, Supplement (First Edition) which contained the 30.07 phrase, "The value of earnings lost". There was considerable objection by defendant due to the fact that plaintiff had not been paid other than room and board and a promise of a future gift and that she continued to receive room and board and the promise of the future gift had been fulfilled by the time of trial. The trial court reluctantly decided to give the instruction as tendered likely because, "The first paragraph of IPI 30.01 specifically informs the jury that they may compensate the plaintiff only for "any" of the elements of damages proved and the concluding paragraph of this instruction specifically tells the triers of the facts that whether "any" of the elements of damages has been provide is for the jury to decide. This is sufficient safeguard that the amount of damages will be based on the evidence". (IPI, Damages, Introduction, page 141.) The conference was recessed until next day.
The next morning plaintiff's attorney tendered a new instruction No. 11 with the phrase deleted. The record shows, "Mr. Kellstedt: If the court please, we are eliminating from the elements of Instructions a specific loss of wages, * * *". The record does not show if one or both instructions were read to the jury although both are in the record. The excerpts fail to show whether they were marked "Given".
*487  5, 6 This ground was not raised in defendant's post trial motion and cannot be considered here. "The Civil Practice Act provides that post-trial motions in jury cases must specify with particularity the grounds on which the moving party relies for relief (Ill. Rev. Stat. 1967, ch. 110, par. 68.1 (2). The points must be defined in detail and clearly stated and if the motion fails to meet these standards, the error is waived and may not be asserted on appeal. (Manns v. Stein, 99 Ill. App.2d 398, 241 N.E.2d 691.) The reason for the above rule is stated by the Illinois Appellate Court in Perez v. Baltimore and Ohio R. Co., 24 Ill. App.2d 204, 210; 164 N.E.2d 209, 212: * * *". Moore v. Jewel Tea Co. 166 Ill. App.2d 109, 119 affirmed 46 Ill.2d 288.
Judgment affirmed.
STOUDER, P.J., and SCOTT, J., concur.