**Sandra TRUESDALE and Steve Truesdale, Plaintiffs,**

v.

**CMC REALTY COMPANY, et al., Defendants.**

**No. 87 C 5844.**

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1987.

1174

Edward A. Antonietti, Antonietti and Gulotta, Calumet City, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., James J. Kubik, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Sandra ("Sandra") and Steve ("Steve") Truesdale (collectively "Truesdales") have

sued CMC Realty Company ("CMC") and a group of what this opinion will term "Federal Defendants."[1] Truesdales seek damages for personal injuries sustained by Sandra and the loss of consortium suffered by Steve, with both claims stemming from Sandra's July 2, 1985 slip and fall in a HUD-repossessed apartment building.[2] All Federal Defendants have moved for dismissal of this action for lack of subject matter jurisdiction. For the reasons stated in this memorandum opinion and order, their motion is granted.

Truesdales invoke the Federal Tort Claims Act ("FTCA") as the source of this Court's jurisdiction. Federal Defendants respond by pointing to the interaction of two FTCA provisions as negating jurisdiction here (emphasis added):

1. 28 U.S.C. § 1346(b) grants district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any *employee* of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. For that purpose 28 U.S.C. § 2671 defines "employee of the Government" as including "officers or employees of any *federal agency* ... and persons acting on behalf of a federal agency in an official capacity...." But the same section's definition of "federal agency" specifically says it *"does not include any contractor with the United States."*

■ Bankruptcy Judge Schwartz's June 17, 1985 order not only granted HUD possession of the property (Order ¶ 1) but also

---

1. Federal Defendants comprise the United States, its Department of Housing and Urban Development ("HUD"), HUD's Secretary Samuel Pierce and HUD's Chicago Regional Administrator Gertrude Jordan.

2. HUD had been granted mortgagee-in-possession status just two weeks earlier by Bankruptcy Judge John Schwartz, *In re Amber Manor Associates,* No. 84 B 15870 (Bankr.N.D.Ill. June 17, 1985).

authorized HUD's negotiation of a contract with Downs Mohl & Co. ("Downs Mohl") for management of the property (Order ¶ 4). HUD, which does not itself manage repossessed properties, in fact contracted with Downs Mohl as an independent contractor and not as an employee. Of course independent contractor status is not merely a function of *saying* that it exists (in this phase of the law, as in other aspects of life, it is not true that "wishing makes it so"). But this Court has reviewed the management contract (the "Contract") in detail, and its provisions clearly confirm Downs Mohl's independent contractor position.[3]

For that purpose the Supreme Court has defined the "independent contractor" concept in terms of the absence of authority on the government's part "to control the detailed physical performance of the contractor" (*Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973), reconfirmed and adhered to in *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976)). And that principle has been applied to find "independent contractor" status (and hence to reject FTCA "employee" or "federal agency" status) for property managers acting under contracts paralleling the one at issue here: *Aetna Life and Casualty Insurance Co. v. United States*, 508 F.Supp. 298, 300–01 (N.D.Ill.1981); *Harris v. United States*, 424 F.Supp. 627, 629 (D.Mass.1976); cf. *Perez v. United States*, 444 F.Supp. 623, 625–26 (D.P.R. 1978), *aff'd*, 594 F.2d 280 (1st Cir.1979).

Indeed Truesdales Mem. [4–6][4] makes it clear they offer no challenge to the concept that Downs Mohl was an independent contractor while serving under the Contract. Rather Truesdales point to the fact the

Contract was not *signed* until July 8, 1985, while Sandra's mishap had occurred July 2—six days earlier. But Federal Defendants have established that the agreement with Downs Mohl was actually entered into June 17, 1985—the very same date on which Judge Schwartz authorized it. HUD had received very short notice of its imminent recovery of possession of the property, so there had been no time for it to get the paperwork done until after Downs Mohl was hired to take over management of the newly-repossessed property. When the written contract was entered into July 8 memorializing the agreement, it specifically confirmed its June 17 effective date.

In light of the undisputed facts, this Court clearly lacks FTCA jurisdiction because the claim does not arise from the action of any "employee" of the government. Truesdales are therefore forced to fall back on estoppel arguments, stemming from the asserted representations by a HUD employee that the non-federal defendant in this action—CMC Realty—"was the insured responsible for any claims arising out of its operation of the property located at 2606 Marigold Drive, Sauk Village, Illinois" (Truesdales Mem. [6]).

It seems clear that no more than a narrow window (if any) remains for estoppel against the government under any circumstances (see *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60–61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984)[5]). Whatever room does exist for that possibility in the abstract, the doctrine cannot apply here for two independent reasons:

1. Even under the version of estoppel potentially available under *Heckler, id.*

---

**3.** Contract § G Art. 6B negates the status of Downs Mohl's employees as employees of the government. Downs Mohl's own independent contractor status is made plain by the totality of the contract's provisions, including Contract § B Art. 3C, § G Art. 6B and § H Art. 8D. All the provisions taken together confirm that Downs Mohl has all the hallmarks the law collectivizes under the "independent contractor" label, as the next paragraph of the text describes that label.

**4.** This is not the first time this Court has been required to number the pages of a memorandum that lawyers have filed without providing that basic means of identifying what page contains particular language. It is a constant source of amazement that lawyers can be quite that thoughtless.

**5.** Justice (now Chief Justice) Rehnquist expressed an even more dim view of the prospects of any such estoppel in his concurring opinion (joined by then Chief Justice Burger), *id.* at 67–68, 104 S.Ct. at 2227–28.

at 60–61, 104 S.Ct. at 2225, the conduct of the HUD employee does not meet the tests for raising such an estoppel.

2. In any event, there appears to be no room for the application of estoppel doctrines where Congress has specified the limited conditions on which the United States may be sued and where those conditions have not been met. Just as jurisdiction cannot be conferred by consent, just so it cannot be conferred by waiver, estoppel or other equitable doctrines. See *Sims v. Heckler*, 725 F.2d 1143, 1145–46 (7th Cir.1984), affirming this Court's decision at 547 F.Supp. 752 (N.D.Ill.1982).

Accordingly this Court has no alternative to the dismissal of this action for lack of subject matter jurisdiction. By definition, dismissal of the case against CMC is without prejudice to Truesdales bringing suit against that non-federal defendant in a state court of competent jurisdiction (see Ill.Rev.Stat. ch. 110, ¶ 13–217). And to the extent Truesdales complain that the statute of limitations bars suit against Downs Mohl, that question too will have to be resolved elsewhere.[6]

---

**6.** That asserted limitations problem as to Downs Mohl is the thrust of Truesdales' estoppel argument against Federal Defendants, for the HUD employee assertedly misled Truesdales into suing CMC rather than Downs Mohl. That set of facts might perhaps be enough to bring the state-law discovery rule into play to prevent the running of limitations, but that is for another court to say.