**Larry DUNCAN, Plaintiff,**

v.

**UNITED STATES of America and Skender Hano, Defendants.**

**No. 89 C 5871.**

United States District Court, N.D. Illinois, E.D.

April 2, 1990.

Michael S. Baird, Bill George Stotis, Peter Coules, Stotis, Chionis Craven & Baird, Chicago, Ill., for plaintiff.

Asst. U.S. Atty. James J. Kubik, Marvin S. Berz, Mark D. DeBofsky, DeBofsky & DeBofsky, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This is an action against the United States pursuant to the Federal Tort Claims Act (FTCA) to recover damages for injuries incurred when the plaintiff fell on a stairway in the building where he was residing. Pending is the United States' motion for summary judgment. For the reasons described below, the motion for summary judgment is granted.

## II. FACTS [1]

Plaintiff Larry Duncan was a tenant in a building located at 5141 South Laflin, in the City of Chicago. The property had been subject to a mortgage guaranteed by the Veterans Administration ("VA"), on which the borrower defaulted. The VA accepted a deed in lieu of foreclosure and acquired title to the property on August 25, 1987. In anticipation of this ownership, the VA had contracted on August 11, 1987, with Skender Hano to act as the Property Management Broker (PMB) for the property, pursuant to a VA policy of contracting with PMB's for the management and sale of all properties to which the VA acquires title.

The duties of PMB's are governed by the VA's Acquired Property Management Guidelines. Pursuant to those Guidelines, brokers are required, among other things, to inspect the property periodically, recommend to the VA the need for any repairs, and supervise any repairs. The PMB is authorized to spend up to $200 for repairs without approval; for repairs over $200, VA approval is required.

There is some dispute over the efforts which were made to evict plaintiff from the property. According to the United States, Hano served a demand for possession on plaintiff on August 13, 1987. (The United States has submitted a copy of a demand for possession, including an affidavit by Hano that he served it on Duncan on August 13.) Plaintiff remained on the property, and the VA hired an attorney on August 21 to commence eviction proceedings. Those proceedings were terminated on January 25, 1988, after the VA had been told by the new purchaser of the property that he wished the occupants to remain as tenants.

According to plaintiff, a VA specialist contacted Hano at some time in August and told him that she wished to make a deal with plaintiff. Although her original plan had been to evict plaintiff, at this point she wanted plaintiff to remain in the building pending the sale of the building by the VA. Under normal procedures, Hano would not inspect the property unless it was vacant, but the VA specialist instructed Hano to inspect the property even though it was occupied.

On August 31, Hano made an inspection of the property. Pursuant to this inspection, Hano completed a report by filling in a prepared form. In the category of "recommended repairs, Hano listed 39 items, along with cost estimates for the repairs ranging from 20 dollars to 1500 dollars and totalling 10,161 dollars. The recommended repairs included such items as patching plaster, retiling floors, and replacing light fixtures. Among the recommended repairs were the following:

> 36. Replace damaged deck members on rear porch of 1st floor and replace 1 handrail & 6 treads & 5 treads. $300.00.
> 37. Replace small deck, 8 risers, 7 treads & replace two north-south handrails. $350.00.

The form also includes a space for the category of "urgent repairs," which are defined as "items which if not repaired will result in additional damage to the property or constitute a hazard." The form further states, "[s]uch items should be reported to the VA Property Management Section as soon as possible." In this space for itemization of urgent repairs, Hano stated "none."

On September 29, 1987, plaintiff suffered a fall which allegedly resulted from the defective steps and stair rails. The VA sold the property on February 1, 1988.

## III. ANALYSIS

### A. Background

Plaintiff filed the complaint in this lawsuit on July 31, 1989, naming as defendants the United States of America and Skender Hano. Hano subsequently filed a motion for dismissal based on lack of subject matter jurisdiction, and that motion was granted without objection. The United States moved to dismiss the complaint on two grounds. First, the government argued that Hano acted as an independent contrac-

---

1. The facts described in this opinion are undisputed unless otherwise stated.

tor, and therefore the United States could not be liable for his actions pursuant to the FTCA, which limits liability to injuries caused by negligent acts or omissions of "employees" of the government. 28 U.S.C. § 1346(b). *See Truesdale v. CMC Realty Co.*, 671 F.Supp. 1173 (N.D.Ill.1987) (dismissing complaint because property manager of HUD property was independent contractor); *Aetna Life & Casualty Ins. Co. v. United States*, 508 F.Supp. 298 (N.D. Ill.1981) (granting summary judgment for United States where plaintiff complained of acts committed by management broker of HUD property); *Harris v. United States*, 424 F.Supp. 627 (D.Mass.1976) (after trial, court found United States not liable because manager of HUD property was independent contractor). Apparently in recognition of this clear line of precedents, plaintiff responded with the novel theory that he is not alleging that the government is liable for the conduct of Hano, but that the government is liable for the acts or omissions of VA employees themselves.[2]

The government's second argument was that under Illinois law, it is not liable for plaintiff's injuries, and that this Court accordingly has no jurisdiction under the FTCA, which provides for liability only if there would be liability in accordance with the law of the state in which the conduct occurred. 28 U.S.C. § 1346(b).

In a minute order dated January 24, 1990, the Court denied the government's motion to dismiss with respect to the independent contractor issue, finding that plaintiff was not asserting liability for Hano's acts in the first place. The Court found that the government's second argument concerned the merits rather than jurisdiction. Because the government had submitted extrinsic evidence in support of its argument, the Court converted the motion to dismiss into a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b) and

gave the parties leave to file additional materials.

### B. Nature of Duty

██ The stairs in issue were in common areas in the building. Accordingly, under Illinois law,

> the landlord has the duty of exercising reasonable care to keep those areas in a reasonably safe condition and ... the landlord is liable for injuries to persons lawfully on those premises due to his failure to perform this duty.

*Hiller v. Harsh*, 100 Ill.App.3d 332, 336, 426 N.E.2d 960, 964, 55 Ill.Dec. 635, 639 (1st Dist.1981). *See also Williams v. Alfred N. Koplin & Co.*, 114 Ill.App.3d 482, 485, 448 N.E.2d 1042, 1045, 70 Ill.Dec. 164, 167 (2d Dist.1983). As to a person who is not lawfully on the premises, *i.e.*, a trespasser,[3] the landlord has only a duty to refrain from wilful and wanton misconduct. *Knyal v. Illinois Power Co.*, 169 Ill.App.3d 440, 442, 523 N.E.2d 639, 640, 119 Ill.Dec. 883, 884 (4th Dist.1988); *Grimwood v. Tabor Grain Co.*, 130 Ill.App.3d 708, 710, 474 N.E.2d 920, 922, 86 Ill.Dec. 6, 8 (3d Dist. 1985). However, a landlord has a duty to use ordinary care to avoid injuring a trespasser once his presence is discovered. *Patterson v. Byrne*, 24 Ill.App.2d 565, 165 N.E.2d 374 (abstract).

### C. Foreseeability

In this case, the parties dispute whether plaintiff was lawfully on the premises or was rather a trespasser. For purposes of this motion, the Court assumes that plaintiff was lawfully on the premises and that the VA, as the landlord, owed him a duty of reasonable care.[4] In order to show that the VA breached this duty, plaintiff must establish that "the VA had actual or constructive knowledge of the existence of the defective condition." *Kostecki v. Pavlis*, 140 Ill.App.3d 176, 179, 488 N.E.2d 644, 646, 94 Ill.Dec. 645, 647 (1st Dist.1986).

---

**2.** *Cf. Donohue v. United States*, 437 F.Supp. 836, 840 (E.D.Mich.1977) (plaintiff stated cause of action against United States for acts of Department of Housing and Urban Development).

**3.** "A trespasser is a person who enters the premises of another without permission or invita-

tion." *Grimwood*, 130 Ill.App.3d at 710–11, 474 N.E.2d at 922, 86 Ill.Dec. at 8.

**4.** The Court assumes that the VA retained the duties of a landlord even though the VA had contracted with the PMB to manage the building.

Similarly, "[t]he landlord will not be liable for injuries that are not reasonably foreseeable." *Id.* at 180, 488 N.E.2d at 646, 94 Ill.Dec. at 647. *See also Trotter v. Chicago Housing Authority*, 163 Ill.App.3d 398, 402, 516 N.E.2d 684, 686, 114 Ill.Dec. 529, 531 (1st Dist.1987); *Baxter v. Illinois Police Federation*, 63 Ill.App.3d 819, 822, 380 N.E.2d 832, 835, 20 Ill.Dec. 623, 626 (1st Dist.1978).

■ The Court must grant summary judgment if the non-moving party fails to come forward with specific facts which would allow a rational trier of fact to find in that party's favor. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the record presented here,[5] a rational fact finder could not find that the VA had actual or constructive knowledge of a hazard to plaintiff, or that plaintiff's injuries were reasonably foreseeable. Plaintiff argues that the inspection report demonstrates that the VA had actual knowledge of the hazardous condition. (Resp. at 3.) The defective steps and rails were called to the VA's attention only as two of 39 repairs which were recommended by the PMB. Those repairs were not described as urgent, but rather included such relatively minor repairs as spackling plaster and replacing light fixtures. It was the PMB's responsibility to determine which repairs were urgent, and his report clearly indicates that there are no defects which, in his opinion, constitute a hazard.

This case is similar to *Kostecki, supra,* in which a child had been injured when a door with glass panes slammed on her hand. The court found no evidence that the landlords knew that the door closed in a dangerous fashion, and affirmed summary judgment in their favor. In contrast, in *Lulay v. South Side Trust & Savings Bank,* 4 Ill.App.3d 483, 280 N.E.2d 802 (3d Dist.1972), a member of the tenant's family recovered damages for injuries she sustained when an exterior staircase gave way. The court of appeals found that the issue of the landlord's actual or constructive knowledge was a jury question, and

noted that the dilapidated condition of the stairs had specifically been brought to the landlord's attention.

In this case, if Hano had designated the step and rail repairs as urgent, and the VA took no action to effect repairs but allowed plaintiff to remain on the premises, then plaintiff might have an argument that the VA had knowledge of a potential hazard. On the existing record, however, plaintiff has produced no evidence that the VA was ever aware of a hazard.

Plaintiff argues that Hano had no authority to perform the needed repairs, because they were estimated to cost more than $200 and therefore required VA approval. The necessity of VA approval, however, does not tend to show that the VA knew of a potential hazard. To find that the VA had such knowledge on the existing record would be to find that the VA should have examined the list of 39 recommended repairs and determined—without physically examining the premises—which repairs presented an immediate danger. The VA reasonably delegated that responsibility to Hano, and no rational fact finder could find that the VA itself had actual or constructive knowledge of a hazard.

### IV. CONCLUSION

Because plaintiff has presented insufficient evidence to allow a rational trier of fact to conclude that the VA had actual or constructive knowledge of the existence of a defective condition, the government's motion for summary judgment is granted and the case is dismissed.

---

**5.** Plaintiff has not requested additional discovery pursuant to Fed.R.Civ.P. 56(f).