**Dionne and Todd CONNER, on Behalf of their minor child, George CONNER,**

v.

**UNITED STATES of America.**

**Civil Action No. 96–7461–B–M1.**

United States District Court, M.D. Louisiana.

June 20, 1997.

Michael Anthony Mitchell, Sean A. Jackson, Jackson, Mitchell & Jackson, Baton Rouge, LA, for Plaintiffs.

Tara Avery Hingle, U.S. Attorney's Office, Middle District of Louisiana, Baton Rouge, LA, William V. Cerbone, Jr., U.S. Department of Housing & Urban Development, Fort Worth, TX, for Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the defendant's motion to dismiss, or in the alternative, motion for summary judgment.

1. 28 U.S.C. § 1346, §§ 2671–2680.

2. See defendant's memorandum in support of motion to dismiss, or in the alternative, motion for summary judgment ("Defendant's Memorandum"), Exhibit B, Declaration of Sandra D. Krchnak, Multifamily Realty Specialist, Multifamily Division, Real Estate Owned (REO) Branch for the United States Department of Housing and Urban Development, ¶ 11.

3. Defendant's Memorandum, Exhibit B, ¶ 11.

4. *See generally* plaintiffs' memorandum in opposition to defendant's motion to dismiss, or in the alternative, motion for summary judgment ("Plaintiffs' Opposition"), p. 2. See also Defendant's Memorandum, pp. 4–5.

5. 528 U.S.C. § 1346, *et seq.*

## FACTUAL & PROCEDURAL HISTORY

Todd and Dionne Conner filed this Federal Tort Claims Act[1] ("FTCA") suit on behalf of their minor child, George, against the United States of America. The plaintiffs claim George was injured as a result of a fall outside of his apartment at the Cedarwood Apartments located at 3484 Cedarcrest Avenue in Baton Rouge, Louisiana where the plaintiffs resided. Cedarwood Apartments are owned by the United States Department of Housing and Urban Development ("HUD").[2] HUD had contracted with Barron Builders and Management Company ("Barron") to operate and manage the Cedarwood Apartments.[3]

At the time of the accident, the flooring of the balcony/walkway fronting the plaintiffs' apartment unit was undergoing some repairs. The plaintiffs claim their son tripped on the second story balcony/walkway leading from his apartment that was being replaced and fell down the stairs. The plaintiffs reported the incident to the property manager.[4]

Following the accident, the plaintiffs submitted their $10,000 claim to HUD in accordance with 28 U.S.C. § 2675. HUD denied the claim on May 8, 1996. On November 7, 1996, plaintiffs brought this suit under the FTCA for injuries allegedly sustained as a result of the March 17, 1995 incident.[5] The plaintiffs alleged causes of action in negligence and strict liability under Louisiana law.[6] Thereafter, the defendant filed its mo-

6. Plaintiffs' Complaint, ¶ 14, states:

Complainants allege that their cause of action under Louisiana law includes but is not limited to the following:
a. Defendant's failure to keep its building in repair;
b. Defendant's failure to keep its building free of all vices and defects which would prevent said building's use by complainants;
c. Defendants failure to provide and ensure safe and adequate ingress and egress to the complainants' apartments while the aforesaid repair work was being performed;
d. Defendant's failure to warn complainants of foreign substances located on the temporary plywood balcony walkway;
e. Defendant's failure to provide complainants with reasonable alternative housing in the event that it was a logistical impossibility

tion seeking to have the Court to dismiss, or in the alternative, to grant summary judgment in this matter.

## ANALYSIS

The defendant contends Barron, as the property manager of the Cedarwood Apartments, was an independent contractor of the United States and was solely responsible for the care, maintenance and repair of the apartment complex. Thus, the United States contends that to the extent the plaintiffs' negligence claim involves the repair of the second-story balcony/walkway near plaintiffs' apartment, the United States is not responsible for any negligence that was caused by the act or omission of Barron and/or its subcontractor, American Home Maintenance, Inc. ("American").[7] The United States argues the independent contractor exception to the FTCA[8] excludes it from liability for the acts of independent contractors such as Barron. In addition, the defendant urges this Court to dismiss the plaintiffs' strict liability claim because the FTCA does not authorize strict liability claims against the United States.

In their memorandum in opposition to the defendant's motion, the plaintiffs' characterize their negligence claim as one that is only "based upon defendant's own negligence and not that of Barron Builders." Because the complaint itself may be construed to indicate otherwise, this Court will address the liability of the United States for the negligence of

Barron, as well as the liability of the United States for the acts of its own employees.[9]

Furthermore, the plaintiffs' assert their additional claim is *not* grounded in strict liability, but is based on the non-delegable duty doctrine. Because the complaint makes specific references to strict liability articles under the Louisiana Civil Code,[10] the Court will address both the strict liability claim and the assertions made under the non-delegable duty doctrine.

### A. *Liability of the United States based on any negligence of Barron*

It is well established that the United States, as a sovereign, is immune from suit, except when it consents to be sued.[11] Congress waived the federal government's sovereign immunity under limited circumstances with the passage of the FTCA. Under the FTCA, the government is subject to suit for certain torts of federal employees acting within the scope of their employment.[12] The FTCA limits liability to injuries caused by negligent acts or omissions of "employees" of the government.[13] The waiver of sovereign immunity by Congress under the FTCA does not extend to the acts of independent contractors.[14] As with all statutes waiving sovereign immunity of the United States, the FTCA must be strictly construed.[15] Therefore, if Barron is an independent contractor, the plaintiffs may not recover against the United States for any negligent acts of Barron.

---

to ensure safe and adequate ingress and egress to their apartment until while the repair work was being performed;

f. Any and all other acts of negligence to be proved upon trial of this matter.

Further, complainants allege that the defendants are liable for George Conner's injuries under Louisiana Civil Code articles 660, 2322, and 2695.

**7.** Defendant's Memorandum, p. 2.

**8.** 28 U.S.C. § § 1346(b), 2674.

**9.** *See generally Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995).

**10.** *See supra*, note 6. It is difficult to understand why the plaintiffs made specific reference to the

strict liability articles of the Louisiana Civil Code if their claim is not based on strict liability.

**11.** *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

**12.** 28 U.S.C. §§ 1346(b), 2674.

**13.** 28 U.S.C. § 1346(b).

**14.** 28 U.S.C. § 2671. *See United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Broussard v. United States*, 989 F.2d 171 (5th Cir.1993).

**15.** *See generally Owen v. United States*, 935 F.2d 734 (5th Cir.1991); *Levrie v. Department of Army*,

■ The Court must first determine whether Barron is an independent contractor under the facts of this case. In deciding this issue, the Court must look to the degree of control exercised by the federal government.[16] Specifically, the Court must focus on whether the federal government had power "to control the detailed physical performance" of Barron.[17]

Cedarwood Apartments were part of HUD's Multifamily Property Disposition Program. In this case, Barron and HUD entered into a property management contract ("PM Contract") for the Cedarwood Apartments.[18] The purpose of the PM contract was to obtain "professional property management services to adequately perform the day to day management duties of property that are required to operate, repair, and properly maintain" the Cedarwood Apartments.[19] In her affidavit, Sandra Krchnak, Multifamily Realty Specialist, Multifamily Division, Real Estate Owned (REO) Branch, and overseer of all of HUD's property in Louisiana, stated that HUD had no regular on-site presence at Cedarwood Apartments.[20] Under the terms of the contract submitted by the defendant, Barron was specifically responsible for the physical maintenance of the property including all repair work at the Cedarwood Apartments.[21] Furthermore, Barron was responsible for assuring that no common areas presented health and safety hazards.[22] It is clear from the evidence that Barron, and not HUD, had control over the daily activities of managing the Cedarwood Apartments.

After consideration of all of the evidence now before the Court, the Court finds the federal government did not have the power to control the detailed physical performance of Barron. The plaintiffs submitted no evidence to the contrary. The plaintiffs argument that the United States is liable because HUD owned the property and there was an accident is wholly inadequate to defeat the defendant's motion.

The evidence establishes that Barron was an independent contractor of HUD. Moreover, courts around the country have found property managers, such as Barron, were independent contractors under similar circumstances.[23] Therefore, as to any claim which seeks to hold the defendant liable for the acts of Barron as an independent contractor, the Court finds that there has been no waiver of sovereign immunity under the FTCA in this case.

■ The Fifth Circuit in *Broussard v. United States*,[24] held that an absence of a waiver of sovereign immunity means that a Court lacks subject matter jurisdiction as to a claim.[25] The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1), and this Court finds in the instant matter that the

810 F.2d 1311 (5th Cir.1987); *Williams v. United States*, 50 F.3d 299 (4th Cir.1995).

16. *Broussard v. United States*, 989 F.2d 171 (5th Cir.1993); *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

17. *Broussard*, 989 F.2d at 175 (citing *Orleans*, 425 U.S. at 814, 96 S.Ct at 1976 (quoting *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973))). See also, Judge John V. Parker's opinion in *Paya v. United States Department of Housing and Urban Development*, Civil Action No. 96–173 (M.D.La.1996).

18. Defendant's Memorandum, Exhibit A, Contract No. 064–91–015 and No. CPMF64892012, which amended and superseded the original contract between HUD and Barron Builders Management Company.

19. Defendant's Memorandum, Exhibit B, ¶¶ 11 – 18, details the qualifications of property managers and their duties.

20. Defendant's Memorandum, Exhibit B, ¶ 19.

21. Defendant's Memorandum, Exhibit A, § C 2.10.

22. Defendant's Memorandum, Exhibit A, § C 2.13.

23. *Tisdale v. United States*, 62 F.3d 1367 (11th Cir.1995); *Brookins v. United States*, 722 F.Supp. 1214 (E.D.Pa.1989); *Smith v. United States*, 674 F.Supp. 683 (D.Minn.1987); *Truesdale v. CMC Realty Co.*, 671 F.Supp. 1173 (N.D.Ill.1987). *See also Washington v. United States*, 1997 WL 21389 (N.D.Tx.1997) (an unreported opinion involving HUD and Barron).

24. 989 F.2d 171 (5th Cir.1993).

25. *Broussard*, 989 F.2d at 176. *See also Williams*, 50 F.3d at 304 (4th Cir.1995); *Robb v. United States*, 80 F.3d 884, 887 n. 2 (4th Cir. 1996).

Conners have failed to meet their burden.[26] Therefore, this claim must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Since the basis of dismissal is a finding that the Court lacks subject matter jurisdiction over this claim, it is not necessary for the Court to decide the alternative motion for summary judgment.

## B. *Liability of the United States via negligence of its own agents or employees*

As noted earlier, the plaintiffs claim in their opposition to the defendant's motion that their cause of action for negligence is based on the defendant's own negligence and not that of Barron. If this claim is based on the negligent acts of any employee of the government, it is clear the FTCA would apply. The Court has subject matter jurisdiction under this claim because the federal government has waived its sovereign immunity for suits against the United States for negligent acts of its employees.[27] Thus, the issue under this claim is not one involving Rule 12(b)(1) of the Federal Rule of Civil Procedure. To resolve this issue, therefore, the Court must decide the defendant's alternative motion for summary judgment.

### (1) Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [28]

The well-established criteria that there must be no genuine issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute." [29] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[30] only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[31] In addition, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[32] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[33]

As always, the moving party bears the initial burden of establishing that there is no genuine issue of material fact.[34] In this situation, where the moving party does not bear the burden of proof on the issue at trial, the movant may discharge its burden by simply informing the Court of the basis for its motion and either producing evidence that negates the existence of a material element in the non-moving party's claim or defense *or* identifying to the Court those portions of the record which demonstrate the lack of proof supporting a crucial element of the non-movant's case.[35]

**26.** *Williams,* 50 F.3d at 304.

**27.** 28 U.S.C. §§ 1346(b), 2671.

**28.** FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.,* 969 F.2d 1559, 1560 (5th Cir.1992).

**29.** *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**30.** *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

**31.** *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

**32.** *Anderson* 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.,* 992 F.2d

1408, 1413 (5th Cir.1993) ("If, on the other hand, the factfinder [sic] could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

**33.** *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.,* 6 F.3d 1058, 1064 (5th Cir.1993).

**34.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**35.** *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2553; *Latimer v. Smithkline & French Labs., a Div. of Smithkline Beckman Corp.,* 919 F.2d 301, 303 (5th Cir.1990); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir. 1990).

Once the moving party makes the proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[36] Because it bears the ultimate burden of proof at trial, the non-moving party is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the non [-]moving party's case necessarily renders all other facts immaterial." [37] The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings and "must do more than simply show there is some metaphysical doubt as to the material facts." [38] When all the evidence presented by both parties "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial' " and summary judgment is proper.[39]

### (2) Application to the facts of this case

■ In support of its motion for summary judgment, the defendant has produced the PM contract [40] and an affidavit from Sandra Krchnak, who serves as Multifamily Realty Specialist, Multifamily Division, Real Estate Owned (REO) Branch and as the overseer of all of HUD's property in Louisiana.[41] The PM contract shows Barron was responsible for the detailed day-to-day management of the facility that included repairs, such as the repairs that were taking place at the Cedarwood Apartments at the time of the alleged incident. Furthermore, the contract shows Barron was responsible for ensuring the safety of all common areas such as the stairwell where George Conner allegedly fell. Krchnak indicated that HUD had no regular on-site presence at the Cedarwood Apartments. Most importantly, Krchnak stated HUD had no involvement with the incident in question.[42] There is no evidence that the United States knew or should have known of any dangerous conditions which could have caused the alleged accident. After consideration of all the evidence produced, the Court finds the defendant has satisfied its burden.

Since the United States has made a proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[43] The plaintiffs have submitted no evidence to satisfy their burden. In their memorandum, the plaintiffs merely state that their "cause of action is based upon defendant's own negligence and not that of Barron builders." The plaintiffs do point to the facts that indicated George Conner was injured and the detailed surrounding the replacement of the concrete floor outside of his apartment. While this evidence may be sufficient to satisfy plaintiffs' burden on summary judgment regarding negligence of Barron, it is inadequate to prevail on summary judgment on the plaintiffs' negligence claim against the United States under the FTCA.

Despite the fact that this Court has viewed the evidence and drawn all reasonable inferences therefrom in favor of the plaintiffs,[44] the Court finds there is no genuine issue as to any material fact and the United States is entitled to a judgment as a matter of law regarding plaintiffs' negligence claim against the United States based on the negligence of its employees. It is clear from all of the evidence produced that no employee of the federal government could be found negligent

---

36. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.,* 992 F.2d at 1413.

37. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

38. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, , 89 L.Ed.2d 538 (1986).

39. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

40. Defendant's Memorandum, Exhibit A.

41. Defendant's Memorandum, Exhibit B.

42. Defendant's Memorandum, Exhibit B, ¶ 19.

43. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.,* 992 F.2d at 1413.

44. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.,* 6 F.3d 1058, 1064 (5th Cir.1993).

under Louisiana law for George Conner's injuries.

## C. *Liability of the United States under theory of strict liability*

 In their complaint, the plaintiffs unequivocally allege the United States should be held strictly liable.[45] The jurisprudence is clear, however, that the FTCA precludes holding the United States strictly liable.[46] In fact, this Court was affirmed by the Fifth Circuit in *Lively v. United States* [47] that held the FTCA did not authorize an action against the United States based on strict liability. The Fifth Circuit stated that under the plain language of the FTCA, strict liability—i.e., no fault—claims are not cognizable. Moreover, the United States Supreme Court in *Laird v. Nelms*, stated that the FTCA does not authorize suits against the federal government on strict liability claims.[48]

Thus, it is clear the FTCA waiver of sovereign immunity does not extend to claims based on the strict liability of the United States. Therefore, the Court must grant the defendant's motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure [49] insofar as the complaint alleges the United States is strictly liable for George Conner's injuries.

## D. *Liability of the United States under the non-delegable duty doctrine*

Despite the clear reference to strict liability articles from the Louisiana Civil Code in their complaint, the plaintiffs re-characterized their contentions in their opposition memorandum arguing the United States may be held responsible under the non-delegable duty doctrine. The plaintiffs contend this doctrine does not constitute a rule of strict liability regardless of fault because negligence is required for liability under the non-delegable duty doctrine.[50] The plaintiffs cite two cases dating back to 1955 and 1965 [51] that address the non-delegable duty doctrine under the FTCA in support of their arguments. In short, the plaintiffs argue the inherently dangerous nature of the type of work undertaken at the Cedarwood Apartments places it within the scope of Louisiana's non-delegable duty doctrine.

 It is true that under Louisiana law a principal is not liable for the negligent acts of an independent contractor acting pursuant to a contract. This general rule is subject to two exceptions, which provide that a principal may be liable when:(1) the suit arises out of the ultra-hazardous activities [52] of its independent contractor; or (2) the principal retains operational control over the independent contractor's acts or expressly or impliedly authorizes those acts.[53] Thus, un-

**45.** *See* supra, note 6.

**46.** *Aretz v. United States*, 604 F.2d 417, 427 (5th Cir.1979) (citing *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972)). *See also Tindall v. United States*, 901 F.2d 53 (5th Cir. 1990).

**47.** 870 F.2d 296 (5th Cir.1989).

**48.** 406 U.S. at 802–803, 92 S.Ct. at 1902.

**49.** If for some reason, Rule 12(b)(1) does not apply, the Court finds that the defendant is entitled to judgment under Rules 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure on the strict liability claim.

**50.** Plaintiffs, Memorandum, p. 4, ¶ 1.

**51.** *Pierce v. United States*, 142 F.Supp. 721 (D.C.Tenn.), affirmed, 235 F.2d 466 (6th Cir. 1956); *Mahoney v. United States*, 216 F.Supp. 523 (D.C.Tenn.1962).

**52.** This is phrased in terms of "inherently dangerous" in older opinions as opposed to the phrase "ultra hazardous" used in more recent state court opinions. Examples of the former can be found in *Olsen v. Shell Oil*, 365 So.2d 1285 (La.1978); *Smith v. Zellerbach*, 486 So.2d 798 (La.App. 1st Cir.1986). Examples of the latter can be found in *Graham v. Amoco Oil Co.*, 21 F.3d 643 (5th Cir.1994); *Sandbom v. BASF*, 674 So.2d 349 (La.App. 1st Cir.1996); *Crane v. Exxon Corp.*, 613 So.2d 214 (La.App. 1st Cir. 1992); *Triplette v. Exxon Corp.*, 554 So.2d 1361 (La.App. 1st Cir.1989).

This Court has found one fairly recent case that phrases the exceptions differently. In *Boudreaux v. Farmer*, 604 So.2d 641 (La.App. 1st Cir.1992), the court did phrase the first exception in terms of ultra-hazardous activity, but the court added a third exception—contractor breached non-delegable duty of employer. *Boudreaux*, 604 So.2d at 651 n. 9. *See also* Thomas C. Galligan, Jr., *A Primer on the Patters of Louisiana Workplace Torts*, 55 La. L.Rev. 71, 88 (1994).

**53.** *Graham v. Amoco Oil Co.*, 21 F.3d 643 (5th Cir.1994).

der Louisiana law a principal may be liable for damage caused by his independent contractor based on a non-delegable duty to see that the work is done safely.[54]

Before this Court determines whether this Louisiana tort law principle applies under the facts of this case, the Court must first determine whether the FTCA contemplates this type of liability on the part of the United States. After reviewing the Fifth Circuit cases in this area and considering the fact that Congress' waiver of sovereign immunity under the FTCA must be strictly construed, this Court holds the FTCA does not allow liability on the basis of a non-delegable duty.

When considering similar state laws in the context of the FTCA, the Fifth Circuit has held the United States cannot be held liable under the FTCA based on a non-delegable duty. In *Aretz v. United States,*[55] the Fifth Circuit concluded, as this Court has, that the FTCA precludes liability on the part of the federal government for torts of an independent contractor and prohibits the federal government from being held strictly liable. The *Aretz* Court further stated that "[e]ither of these limitations forecloses any theory of liability in this case based on some non-delegable duty of the employer of an independent contractor for the performance of hazardous activities."[56]

In *Lathers v. Penguin Industries, Inc.,*[57] the Fifth Circuit was faced with a similar Texas law that holds a principal liable for negligent acts of independent contractors under limited circumstances. The Court held that despite the fact that there was a non-delegable duty under state law to assure work was performed safely, the United States, by virtue of the FTCA, cannot be held liable for the imputed negligence of an independent contractor. An earlier Fifth Circuit case of *Alexander v. United States,*[58] held that while under Texas law one engaging an independent contractor to perform inherently dangerous work has a non-delegable duty to assure the work was performed safely, the plaintiff was not able to recover damages under the Texas inherently dangerous duty doctrine because the United States may only be liable for active negligence of its employees and not for imputed negligence under this type of doctrine.[59]

This Court has found only one case applying Louisiana law that discusses the non-delegable duty doctrine in the context of the FTCA. In *Schneider v. United States,*[60] an apartment lessee brought an action against government agencies to recover for injuries his infant suffered after falling through an opening in a railing on a balcony. As the plaintiffs have done in the case pending before this Court, the plaintiffs in *Schneider* argued that a property owner has the "non-delegable duty under Louisiana law to repair and/or warn about unsafe conditions on its property."[61] The *Schneider* court pointed out that the plaintiffs overlooked the fact that a landowner's duty—to the extent it is non-delegable can only be a strict liability duty. The *Schneider* court explained its decision as follows:

54. *Olsen v. Shell Oil,* 365 So.2d 1285, 1293 n. 16 (La.1978). In *Olsen,* after discussing the general rule that a principal is not liable for the torts of the independent contractor, the Court noted that even in Louisiana there is a tort doctrine which recognizes that the employer (like the United States here) may be liable for damages caused by his independent contractor in performing inherently dangerous duties, or a non-delegable duty, owed by the master-employer to the plaintiff. *See also Smith v. Zellerbach,* 486 So.2d 798, 802 (La.App. 1st Cir.1986). *See generally* Thomas C. Galligan, Jr., *A Primer on the Patters of Louisiana Workplace Torts,* 55 La. L.Rev. 71, 88 (1994).

55. 604 F.2d 417 (5th Cir.1979).

56. *Aretz,* 604 F.2d at 426. The *Aretz* Court went on to state that this does not mean that "employ-

ment of an independent contractor insulates the United States from liability for its own employees' independent acts of negligence which occur in connection with the work of an independent contractor." In our case at hand, this Court has already addressed the defendant's potential liability for the independent acts of negligence on its employees in Section B of this opinion.

57. 687 F.2d 69 (5th Cir.1982).

58. 605 F.2d 828 (5th Cir.1979).

59. *Alexander,* 605 F.2d at 835.

60. 734 F.Supp. 239 (E.D.La.1990).

61. *Schneider,* 734 F.Supp. at 247.

To say that a property owner has the non-delegable duty to ensure that its property is reasonably safe means that the owner will be liable for injuries caused by any unsafe conditions on the property even if the owner was as diligent as any ordinary prudent owner would be and even if the owner had hired the best property manager to maintain and repair the property. In other words, it means that the owner can be liable even if the owner is not negligent. In sum, it means that the owner is strictly liable for injury from any unsafe condition on the property.[62]

The *Schneider* court held that the FTCA barred recovery against the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver of a bank that owned an apartment building for unsafe property conditions where the FSLIC had delegated its safety responsibilities to a manager.[63] The court found that the FTCA does not allow for recovery for unsafe property conditions where the United States has delegated its safety responsibilities to an independent contractor, despite otherwise applicable state law that would make such safety responsibilities of a property owner non-delegable.[64] Thus, the court in *Schneider* ruled that the FSLIC had the power under federal law to delegate its duty of repair and inspection to an independent contractor notwithstanding any elements of Louisiana law.

In the instant case, the plaintiffs argue because of the inherently dangerous nature of the type of repair work undertaken at the Cedarwood Apartments, their claim is within the scope of Louisiana's non-delegable duty doctrine. Therefore, the plaintiffs contend they should be allowed to recover against the United States. The Court finds the United States cannot be held liable under the FTCA based on any non-delegable duty theory where the United States is the employer of an independent contractor which performs hazardous activities.[65] The Fifth and Fourth Circuits seem to agree with the conclusion reached by this Court.[66] The plaintiffs have cited no persuasive authority that would allow this Court to rule otherwise. Because the Court finds the FTCA waiver of sovereign immunity is not applicable to the plaintiffs' claim under the non-delegable duty doctrine, the Court must dismiss this claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

It is clear the claims against the United States on the basis of Barron's negligence as an independent contractor or on the basis of strict liability are not cognizable under the provisions of the FTCA. The FTCA is a limited waiver of the defendant's sovereign immunity and must be strictly construed. Since the FTCA does not allow the federal government to be held liable for suits involving independent contractors or for suits based on a theory of strict liability, these claims must be dismissed.

**62.** *Schneider*, 734 F.Supp. at 248.

**63.** *Schneider*, 734 F.Supp. at 248–49.

**64.** *Schneider*, 734 F.Supp. at 248 (citing *Smith v. United States*, 674 F.Supp. 683 (D.Minn.1987)); *Dumansky v. United States*, 486 F.Supp. 1078 (D.N.J.1980); *Aetna Life and Casualty Ins. Co. v. United States*, 508 F.Supp. 298 (N.D.Ill.1981); *Maltais v. United States*, 546 F.Supp. 96 (N.D.N.Y.1982, affirmed in unpublished opinion, 729 F.2d 1442 (2d Cir.1983)).

**65.** See generally *Aretz*, 604 F.2d at 427; *Alexander*, 605 F.2d at 835; *Lathers*, 687 F.2d at 73; *Schneider*, 734 F.Supp. at 248.

**66.** See *Berkman v. United States*, 957 F.2d 108 (4th Cir.1992) which held the FTCA's focus on liability of individual employees bars any notion that the government becomes liable, itself, for a generalized breach of duty. *Berkman*, 957 F.2d at 113. The *Berkman* court noted the FTCA requires "a more focused approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law." The Fourth Circuit found the application of the independent contractor exception of section 2671 shields the United States from tort liability which might otherwise arise under state law. See also *Williams v. United States*, 50 F.3d 299 (4th Cir.1995). But see *Dickerson v. United States*, 875 F.2d 1577 (11th Cir.1989) where the Eleventh Circuit found the independent contractor exception does not insulate the Government from the contractor's negligence if the duty was non-delegable under Florida law. The *Berkman* Court specifically rejected *Dickerson*.

As to the plaintiffs' claims against the United States for any negligent acts of its employees, the Court finds the FTCA does apply. However, the Court grants the defendant's motion for summary judgment on this claim since there is no genuine issue of material fact in dispute, and the United States is entitled to judgment as a matter of law. Finally, as to any claims against the United States under the non-delegable duty doctrine, the Court finds the United States cannot be held liable under the FTCA based on any alleged non-delegable duty as the employer of the independent contractor for the performance of hazardous activities.

THEREFORE:

**IT IS ORDERED** that defendant's motion to dismiss be and it is hereby GRANTED as to plaintiffs' claims based on the negligence of the independent contractor, as well as the plaintiffs' claims asserted under strict liability theory and the non-delegable duty doctrine.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment be and it is hereby GRANTED as to the plaintiffs' claim against the United States based on the negligent acts of its employees.

Judgment shall be entered dismissing the plaintiffs' suit with prejudice.

**IT IS SO ORDERED.**